O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>v.<br>MELVIN ADAMS,<br>Defendant/Petitioner. | Case No. CR 07-386 CAS<br><br>**ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

## I. INTRODUCTION & BACKGROUND

On September 10, 2007, defendant Melvin Adams pled guilty to distribution of 129.6 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). In the plea agreement, the parties stipulated to base offense level of 29, with no agreement as to criminal history. The plea agreement provided that if defendant qualified as a career offender under USSG §§ 4B1.1 and 4B1.2 that the parties were not bound by the stipulated offense level. The presentence report ("PSR") was disclosed on July 2, 2007. The probation officer calculated the offense level and advisory sentencing range using the Guidelines Manual in effect on November 1, 2006. Pursuant to USSG § 2D1.1(c)(4), the PSR found that defendant's base offense level was 29 after

acceptance of responsibility. PSR ¶¶ 16–23. However, the PSR also found that defendant qualified as a career offender under USSG § 4B1.1 which resulted in an offense level of 34 after acceptance of responsibility. Id. ¶¶ 24–26. Defendant was also subject to a mandatory minimum sentence of 120 months. Id. ¶ 92.

On September 10, 2007, Judge Robert Takasugi held defendant's sentencing hearing. During the hearing, the court noted the PSR's finding that defendant was a career offender with an offense level of 34 and criminal history category of VI, with an advisory guideline range of 262–327 months imprisonment and a mandatory minimum of 120 months. The court further noted that defendant requested a sentence of 130 months of imprisonment, which reflected an offense level of 27 and criminal history category of VI, resulting in an advisory guideline range of 130–162 months imprisonment based on the amended crack cocaine guidelines set to become effective November 1, 2007. At the conclusion of the hearing, the court sentenced defendant to 150 months of imprisonment, "based upon an offense level of 27, criminal history category of VI." RT 9/10/07:18. In imposing the sentence, the court noted that the reduced sentencing guidelines set to become effective November 1, 2007 were "a factor to consider, because obviously [the Sentencing Commission] felt that the categorization of crack cocaine was unduly harsh and contrary to § 3553 when we talk in terms of a sentence that is reasonable." Id.

On January 8, 2010, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). The court denied defendant's motion on August 11, 2010. After Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010) ("FSA"), defendant filed the instant motion to reduce his sentence pursuant to § 3582(c)(2) and the FSA.[1] The government filed its opposition on November 10,

---

[1]Petitioner technically brought the motion pursuant to 28 U.S.C. § 2255. See Dkt. Nos. 51, 59. However, because petitioner seeks a to reduce his sentence following the passage of the FSA, the Court construes his petition as a motion under § 3582(c).

continue...

2011, and defendant filed replies on December 19, 2011 and February 6, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II. LEGAL STANDARD**

18 U.S.C. § 3582(c)(2) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable . . . .

A motion brought pursuant to§ 3582(c)(2), however, "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the original sentence." United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Rather, it is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." Id.

**III. DISCUSSION**

Defendant requests a sentence reduction pursuant to 28 U.S.C. § 3582(c) and the FSA. Specifically, defendant contends that the FSA applies retroactively and evidences Congress's intent to lower sentences for drug-related offenses. Id.

In opposition, the government argues that, although the Court has discretion to reduce defendants sentence, it should decline to do so because defendant has four prior drug trafficking convictions and three domestic violence convictions. Opp'n at 9. The

...continue

Petitioner's reply to the government's opposition appears to adopt this construction. See Dkt. No. 64.

government further argues that if the Court decides to reduce defendant's sentence, it may not be reduced to below 120 months, the mandatory minimum in effect when he was sentenced. Id. at 13 (citing United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011)).

In reply, defendant requests that the Court reduce his sentence to 120 months because he has made positive changes in his life during his four years of incarceration. 12/19/2011 Reply at 3 (citing Pepper v. United States, 131 S. Ct. 1229, 1239 (2010)). Defendant reiterates that reducing defendant's sentence "comports with Congress's intent" to reduce sentences in cocaine-related offenses. 2/9/2012 Reply at 3.

The Court finds that a sentence reduction is not warranted pursuant to the factors outlined in 18 U.S.C. § 3553(a). First, Judge Takasugi's imposition of a 150 month sentence is significantly less than the 262–327 month range recommended by the guidelines in defendant's case. Defendant has not demonstrated that circumstances justify further reduction. See 18 U.S.C. § 3553(a)(2)(A) (the sentence imposed needs to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

Second, the Sentencing Commission's policy statements have not changed in regard to career offenders. Although Amendments 706 and 750 to § 2D1.1 have reduced the sentencing guidelines for crack cocaine offenses, no such amendments have been made to § 4B1.1 to lower the guideline range for defendant's offense. See United States v. Vinnie, 2012 WL 992113, at *1 (W.D. Wash. March 22, 2012) (noting that the guideline range for career offenders pursuant to § 4B1.1 has not been lowered by the Sentencing Commission); 18 U.S.C. § 3553(a)(4)(A).

Finally, defendant's criminal history weighs strongly against sentence reduction. Defendant has had four prior convictions for crack cocaine possession and three convictions for domestic violence. Dkt. No. 41-1 at 6; 18 U.S.C. § 3553(a)(1) (courts must consider "the history and characteristics of the defendant" in imposing a sentence).

Accordingly, the Court concludes that a sentence reduction is inappropriate.

**IV. CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED

Dated: April 17, 2012

Christina A. Snyder
United States District Judge